UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREEM A. TILLMAN,<br><br>         Plaintiff,<br><br>   -against-<br><br>AMBLNZ SERVICES,<br><br>         Defendant. | 22-cv-06854 (JLR)(SN)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JENNIFER L. ROCHON, United States District Judge:

  *Pro se* Plaintiff, Kareem A. Tillman ("Plaintiff"), brought this action against his former employer, Amblnz Services ("Defendant"), claiming Defendant discriminated against him on the basis of race. *See generally*, ECF No. 1 ("Compl."). The Court referred all dispositive motions to Magistrate Judge Netburn for a Report and Recommendation. ECF No. 6. On December 19, 2022, Defendant filed a motion to dismiss Plaintiff's complaint and compel arbitration pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing that Plaintiff's claims are subject to an arbitration agreement between the parties that deprives the Court of subject matter jurisdiction. Alternatively, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). *See generally*, ECF No. 19. In the Report and Recommendation ("Report") filed on March 15, 2023, Magistrate Judge Netburn noted that a valid arbitration clause does not deprive the Court of jurisdiction, and instead addressed Defendant's request to compel arbitration. *See* ECF No. 35 at 5. Judge Netburn found that the parties agreed in writing to arbitration in a Mutual Dispute Resolution Agreement ("Agreement") and that the arbitration clause covered the present dispute. *Id.* at 5-8. Because the Second Circuit favors stays instead of dismissals, rather than dismiss the case, the Report recommended entering a stay and compelling the parties to arbitrate. *Id.* The Report further recommended that

1

the Rule 12(b)(6) motion be denied without prejudice in light of the stay and referral to arbitration.  *Id.*

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report advised the parties that they had fourteen days from service of the Report to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  *See* ECF No. 35 at 8.  In addition, the Report expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *Id.* at 8-9.  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived the right to object to the Report or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Complaint and the Report, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  First, Defendant seeks dismissal pursuant to Rule 12(b)(1) and to compel arbitration.

ECF No. 23 at 1.  The Report properly rejected Defendant's argument that the presence of an arbitration agreement divests this Court of jurisdiction.  *See* ECF No. 35 at 5.  Courts within this district have construed an arbitration clause as a forum selection clause and held that "an arbitration clause does not implicate the Court's subject matter jurisdiction."  *Morelli v. Alters*, No. 1:19-CV-10707-GHW, 2020 WL 1285513, at *6 (S.D.N.Y. Mar. 18, 2020).  After affirming the Court's subject matter jurisdiction, the Report addressed the request to compel arbitration.  ECF No. 35 at 4.

The Report then correctly concluded that the Agreement between the parties is a valid contract, the arbitration clause is broad, and the arbitration provision covers Plaintiff's claims.  *See Id*. at 6-8.  When the Federal Arbitration Act ("FAA") applies to an agreement and requires arbitration as in this case, courts should stay proceedings during arbitration, not dismiss the case.  *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) (holding that a stay rather than dismissal comports with the FAA's underlying policy of moving an arbitrable dispute to arbitration "as quickly and easily as possible").  Therefore, as the Report recommended, the dispute should be referred to arbitration and the case should be stayed while the parties arbitrate.  *Id.* at 8.

The Report also properly recommended that Defendant's second motion under Rule 12(b)(6) be denied without prejudice because arbitration is a threshold issue.  *Id.*; *see also Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 182 (S.D.N.Y. 2018) ("Even if the arbitration issue is not considered jurisdictional, it should ordinarily be addressed first as a matter of judicial efficiency.").

Accordingly, the Report and Recommendation is ADOPTED in its entirety.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 19, stay the case while the parties pursue arbitration, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 4, 2023
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

4